Joseph Abou **RJEILY**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–71104.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph Abou Rjeily, Pacoima, CA, pro se.

Bob S. Platt, Esq., Law Office of Bob Platt, Granada Hills, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Marion E. Guyton, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Joseph Abou Rjeily, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000). We deny the petition.

█ Even assuming petitioner testified credibly, substantial evidence supports the BIA's decision that petitioner is not eligible for asylum based on religion and political opinion because petitioner failed to present evidence compelling such a conclusion. *See id.*

Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

█ Petitioner also fails to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he was returned to Lebanon. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

REINHARDT, Circuit Judge, dissenting.

I would remand to the BIA so that it could make a determination as to past persecution. *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). If it found in favor of petitioner on that claim, it would then be required to apply the presumption of well-founded fear. Next, it would need to determine whether changed circumstances are sufficient to overcome that presumption. The present

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

BIA disposition does not, however, make the requisite determination. Accordingly, I dissent.